| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | (2/18/11) CCG N001 |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2015-L-009352

DALE D PIERSON

(Name all parties)

v.

STAN GREER

Defendant Address:
STAN GREER
5211 PORT ROYAL ROAD
SPRINGFIELD, VA 22151

### Summons

To each Defendant: ☑ SUMMONS   ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 39257
Name: LEGAL DEPT LOCAL
Atty. for: DALE D PIERSON
Address: 6140V JOLIET RD
City/State/Zip: COUNTRYSIDE, IL 60525
Telephone: (708) 579-6663

WITNESS, Friday, 11 September 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)



EXHIBIT A

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served |
| --- | --- |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

☑ SUMMONS ☐ ALIAS - SUMMONS (2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2015-L-009352

DALE D PIERSON

(Name all parties)

v.

NILRR

**Defendant Address:**
NILRR
5211 PORT ROYAL ROAD
SUITE 510
SPRINGFIELD, VA 22151

**Summons**

To each Defendant: ☑ SUMMONS ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **801**, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 39257
Name: LEGAL DEPT LOCAL
Atty. for: DALE D PIERSON
Address: 6140V JOLIET RD
City/State/Zip: COUNTRYSIDE, IL 60525
Telephone: (708) 579-6663

WITNESS, Friday, 11 September, 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
CALENDAR: H
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Dale D. Pierson, ) | |
| ) | |
| Plaintiff *Pro Se*, ) | |
| ) | Case No. |
| v. ) | |
| ) | Trial by Jury Requested |
| National Institute for Labor Relations ) | |
| Research and Stan Greer, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### Defamation *Per Se*

Plaintiff Dale D. Pierson, complains against Defendants National Institute for Labor Relations Research and Stan Greer as follows:

1. Plaintiff Dale D. Pierson is an attorney licensed to practice law in Illinois (Registration No. 2185638) and Wisconsin (Registration No. 1034434). He is a resident of Cook County, Illinois. Pierson is currently employed as General Counsel to Local 150 of the International Union of Operating Engineers, AFL-CIO, headquartered in Countryside, Cook County, Illinois.

2. Pierson has practiced labor and employment law since graduating from Northwestern University Law School in 1982. He taught labor law as an adjunct professor at Northern Illinois University Law School in 2004 and 2005, and frequently speaks on labor and employment law topics at professional conferences throughout the country.

3. Defendant National Institute for Labor Relations Research (NILRR) holds itself out as "a non-profit research facility analyzing and exposing the inequities of compulsory unionism." The NILRR maintains its principal office at 5211 Port Royal Road, Suite 510, Springfield, Virginia

22151. The NILRR maintains a website at www.nilrr.org accessible throughout the United States. It raises money and publishes articles throughout the United States including Cook County, Illinois.

4. Defendant Stan Greer calls himself a "Senior Research Associate" for the NILRR. His office is at 5211 Port Royal Road, Suite 510, Springfield, Virginia 22151. Greer publishes articles throughout the United States including Cook County, Illinois.

5. Shortly after the State of Indiana passed its "Right-to-Work" law in 2012, Pierson served as lead counsel in a lawsuit challenging the Constitutionality of the law titled, *Sweeney, et al. v. Daniels*, Case No. 12 CV 00081, filed in the U.S. District Court for the Northern District of Indiana, Hammond Division. The District Court dismissed the suit, but without prejudice to refiling certain claims raised under the Indiana Constitution. *Sweeney v. Daniels*, 2013 WL 209047 (N.D. Ind., January 17, 2013). Plaintiffs appealed the dismissal of their federal claims to the U.S. Court of Appeals for the Seventh Circuit, which affirmed the dismissal. *Sweeney v. Pence*, 767 F.3d 654 (2014), rehearing *en banc* denied by an equally divided court (Case No. 13-1264, Doc. #45, January 13, 2015).

6. Meanwhile, the Union Plaintiffs refiled their claims under the Indiana Constitution in state court in Lake County, Indiana, in the case titled, *Sweeney, et al. v. Zoeller*, Case No. 45D01-1305-PL-52. On September 5, 2013, the Lake County Superior Court denied the State of Indiana's Motion to Dismiss and found the Indiana Right-to-Work law unconstitutional under the "Particular Services" provision of the Indiana Constitution. After the Lake County, Indiana, Superior Court found the Right-to-Work law unconstitutional, the Indiana Attorney General appealed that decision to the Indiana Supreme Court in the case titled, *Zoeller v. Sweeney*, Case No. 45S-1309-PL-00596.

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 2 of 7

2

7. Throughout the litigation of the Constitutional challenges to the Indiana Right-to-Work law, the unions argued that such laws were fundamentally unfair. Federal law requires unions to represent fairly all employees in any given bargaining unit regardless of their membership in the union. Right-to-Work laws allow individual employees to refuse to pay their fair share of the costs of representing them, allowing such employees to ride for free on the work of the union paid for by their coworkers.

8. Proponents of Right-to-Work laws argue that unions need not represent employees that do not pay. They argue that unions voluntarily assume the obligation to represent all employees when unions opt to become a "majority status" representative, and that unions could choose to represent only those employees who want such representation.

9. The "minority representation" argument is a fallacy. The National Labor Relations Act (NLRA) does not provide an alternative to majority status representation. 29 U.S.C. § 159(a) ("Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes shall be the exclusive representative of all the employees in such unit..."). National Labor Relations Board (NLRB) jurisprudence makes it clear that "the essence of industrial democracy [in the United States], as contemplated and enforced by the [NLRA], is fundamentally based on majoritarian principles." *See, e.g.*, General Counsel Advice Memorandum, *Dick's Sporting Goods*, Case No. 6-CA-34821 at page 18 (June 22, 2006).

10. Pierson made these and other arguments to the Indiana Supreme Court in defense of the State's appeal. The Court heard oral argument on the State's appeal on September 4, 2014.

10. On September 12, 2014, Defendants published statements online and throughout the United States including Cook County, Illinois, under the headline, "Operating Engineers Union

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 3 of 7

3

Lawyer Flat-Out Lies to Indiana Supreme Court" (a true and correct copy is attached hereto as Exhibit A). There, Defendants said:

> How can it be, then, that Dale Pierson, the top lawyer for the other union seeking the overturn Indiana's Right to Work law judicially, told the Indiana Supreme Court on September 4 that union officials representing only those who join and pay dues "is not a legal possibility"? (A video of the oral arguments in which Pierson claimed again and again that "the law does not allow members-only representation" is available at the end of the link below.)
>
> The answer is, quite simple, that Pierson flat-out lied.

11. Defendants made the statements and published them knowing that they were false.

12. The September 12, 2014 NILRR article also refers to "a petition filed with the National Labor Relations Board seven years ago." The NILRR article written by Greer asserts that in the petition, lawyers for the Steelworkers union "acknowledged without qualification that, under Section 7 of the National Labor Relations Act (NLRA), in any workplace where no union is recognized as employees' 'exclusive' bargaining agent, employees' right to bargain with their employer through a union 'remain[s] available and protected, though on a non-exclusive basis, thus applicable to union members only.'" Defendants made these statements and published them with knowledge of their falsity or reckless disregard for their truth.

13. The September 12, 2014 NILRR article written by Greer fails to acknowledge that the petition to which it refers was denied by the NLRB on August 26, 2011. The petition asked the NLRB to adopt a rule that would require an employer "to bargain collectively with a labor organization that represents less than an employee-majority with regard to the employees who are its members, but not for any other employees." The petitioners recognized that such "members only" bargaining was <u>not</u> recognized by the NLRB, and filed the petition, they said, so that employees would be "permitted to return to the exercise of the right to begin organizing and bargaining through unions that represent their members only." The Board denied the petition, in

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 4 of 7

4

part, because it called for "a significant reinterpretation" of the NLRA, and necessarily a devotion of "substantial" Board resources which it was not prepared to make.

14. The statement quoted in paragraph 10, *supra*, printed and published by Defendants is defamatory in that:

    a. the statement quoted above purports to state facts and is not an opinion;

    b. at all relevant times, the Defendants knew, or should have known, that the statements above were not true;

    c. there is no innocent construction of the statement;

    d. the statement quoted above constitutes defamation *per se* under Illinois law because it imputes that Plaintiff is unable to perform or lacks integrity in the performance of his employment duties; and/or imputes that Plaintiff lacks ability or otherwise prejudices Plaintiff in his profession; and,

    e. the statement quoted above prejudices and continues to prejudice Plaintiff Pierson in his professions, reputation, and trade.

15. As a result of one or more of the defamatory statements quoted above, Plaintiff Dale D. Pierson has suffered damages including damage to his personal reputation.

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 5 of 7

5

WHEREFORE, Plaintiff Dale D. Pierson seeks actual damages in excess of $50,000.00 and punitive damages in excess of $500,000.00 against the Defendants identified above, costs, and other such relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands trial by jury.

Respectfully submitted,

_____
Dale D. Pierson, Plaintiff *Pro Se*

Local 150 Legal Department
6140 Joliet Road
Countryside, IL 60525
Ph. 708/579-6663
Fx. 708/588-1647
dpierson@local150.org
Cook County No. 39257

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 6 of 7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Dale D. Pierson, | ) |
| | ) |
| Plaintiff *Pro Se*, | ) |
| | ) Case No. |
| v. | ) |
| | ) Trial by Jury Requested |
| National Institute for Labor Relations Research and Stan Greer, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### RULE 222(B) AFFIDAVIT OF DAMAGES SOUGHT

The total monetary damages sought in this matter does exceed the sum of $50,000.00.

_____
Dale D. Pierson, Plaintiff *Pro Se*

Subscribed and sworn to me
before me this 11th day of September 2015

_____
Notary Public

> PAULINE LEITZELL
> OFFICIAL SEAL
> Notary Public - State of Illinois
> My Commission Expires
> March 31, 2018

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
PAGE 7 of 7

**A**

ELECTRONICALLY FILED
9/11/2015 3:07 PM
2015-L-009352
CALENDAR: H
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH

NILRR — a non-profit research group analyzing and exposing the inequities of compulsory unionism

- Home
- NILRR Research
- Resources
- News Clips
- Cartoonist's Eye
- About
- Support NILRR
- Contact Us

Fact Sheet: Forced Union Dues Fuel the Big Government Lobby

## Operating Engineers Union Lawyer Flat-Out Lies to Indiana Supreme Court

*On September 12, 2014, in News Clips, by Stan Greer*

Currently, the top bosses of two unions, the United Steelworkers (USW) and Local 150 of the International Union of Operating Engineers (IUOE), have cases before the Indiana Supreme Court in which they are trying to get Right to Work protections for Hoosier employees approved by state legislators two-and-a-half years ago judicially overturned.

In a petition filed with the National Labor Relations Board seven years ago, lawyers for one of these two unions, the USW, acknowledged without qualification that, under Section 7 of the National Labor Relations Act (NLRA), in any workplace where no union is recognized as employees' "exclusive" bargaining agent, employees' right to bargain with their employer through a union "remain[s] available and protected, though on a nonexclusive basis, thus applicable to union members only."

As anyone who has a good understanding of federal labor statutes and court precedents knows, the union lawyers for the USW brass, along with the officers of six other AFL-CIO-affiliated unions who signed on to the petition ("In the Matter of Rulemaking Regarding Members-Only Minority-Union Collective Bargaining"), were absolutely correct about the permissibility of members-only bargaining in 2007. And they are still correct today.

How can it be, then, that Dale Pierson, the top lawyer for the other union seeking to overturn Indiana's Right to Work law judicially, told the Indiana Supreme Court on September 4 that union officials' representing only those who join and pay dues "is not a legal possibility"? (A video of the oral arguments in which Pierson claimed again and again that "the law does not allow members-only representation" is available at the end of the link below.)

The answer is, quite simply, that Pierson flat-out lied. Evidently, he and the IUOE bosses for whom he is working agree that, if the Indiana Supreme Court acknowledges the truth about the permissibility of members-only bargaining as an alternative to monopoly bargaining for union officials, their anti-Right to Work case must fail. And therefore last week Pierson simply denied a truth that even his fellow assailants on Indiana's Right to Work law, the USW union hierarchy, have openly acknowledged in public legal documents.

Because Thomas Fisher, the lead attorney representing Indiana as it defends its Right to Work law from the IUOE Local 150 brass, knows full well about the U.S. Supreme Court precedents, such as the 1938 Consolidated Edison v. NLRB ruling, that explicitly affirm that members-only bargaining is legal under the NLRA, and reminded the Indiana Supreme Court justices about them, it is unlikely that Pierson and his paymasters are going to get away with lying about federal labor law. But the fact that Pierson was willing to do it, and IUOE Local 150 kingpins were evidently willing to sign off on such a strategy, illustrates just how desperate they are to reinstate forced union dues and fees in Indiana.

100% Recycled fiber
80% Post-Consumer

Extremely Urgent

This envelope is for use with the following services:
UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®

Visit ups.com® or call 1-800-PICK-UPS® (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Domestic Shipments**

- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 o... those liste...

**Internation...**

- The UPS E... value. Cer... ups.com/...
- To qualify... UPS Expre...

**Note:** Expre... containing ... or cash equ...

**Insert shipping documen... under window from the...**

Do not use this envelope for:

...ited®

LISA STRAND
708-579-6667
LOCAL 150 LEGAL DEPARTMENT
6140 JOLIET ROAD
COUNTRYSIDE IL 60525

0.0 LBS LTR 1 OF 1

**SHIP TO:**
STAN GREER
5211 PORT ROYAL ROAD
**SPRINGFIELD VA 22151-2100**

**VA 224 9-15**

**UPS NEXT DAY AIR** **1**

TRACKING #: 1Z Y56 1Y6 01 9358 2366

BILLING: P/P

Reference#1: LI/DDP Def.
Reference#2: DDP/lms

UIS 17.6.02. WNTNV50 69.0A 10/2015

Wi...
Use t... or in...

https://www.ups.com/uis/create?ActionOriginPair=default___PrintWindowPage&key=la... 11/10/2015

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195103 4/14 PAC United P...



