UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE PIERSON ) | |
| ) | Case No. 15 CV 11049 |
| Plaintiff, ) | Judge Ruben Castillo |
| vs. ) | Magistrate Judge Geraldine Soat Brown |
| NATIONAL INSTITUTE FOR LABOR ) | |
| RELATIONS RESEARCH AND STAN GREER ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

NOW COME Defendants, NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH ("NILRR") and STAN GREER, by and through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP and for their response to Plaintiff's Motion to Remand, state as follows:

1. Plaintiff's motion to remand is not only a violation of this Honorable Court's Order dated December 14, 2015 (Doc. No. 6), but also rather disingenuous. To argue that Defendant Greer is not a Virginia citizen and NILRR not a Virginia corporation, given the Notice of Removal, Plaintiff's own allegations in his complaint as well as his (erroneous) attempt to serve both parties at Virginia addresses, is surprising. For the reasons set forth more fully below, this Court must deny his motion.

2. Defendants filed their Notice of Removal (Doc No. 1) on December 9, 2015 indicating that this Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As indicated in their Notice of Removal, Defendants had not been properly served. To this day they have not been served properly within the confines of Illinois and Virginia law.

3. Indeed, Plaintiff's assertion that he served them on November 11, 2015 is error. Defendants admit only that on or around November 11, 2015 they received summonses and complaints by means of UPS. The summonses and complaints to both Greer and NILRR were shipped directly from the Plaintiff's law office to the corporate address of NILRR in *Virginia*. See Exhibit A, Summonses and Complaint with UPS receipt. Such service is a violation of both Illinois and Virginia rules of service. Notably, the summonses, dated September 11, 2015, were shipped (as they certainly were not properly served) well past the 30 days for service permitted by the Circuit Court of Cook County and set forth on the face of the summonses.

4. In any event, Defendants chose to exercise their option to remove the case to federal court despite the fact that the time frame for Notice of Removal had not (and still has not) been triggered.

5. This Court reviewed the case and issued an Order dismissing the complaint without prejudice and stating the following:

> After a careful review of this recently removed state court complaint, said complaint is dismissed without prejudice to the filing of a timely motion to remand or the filing of a proper amended federal complaint. The parties are requested to exhaust all settlement possibilities prior to filing any further pleadings in this matter. (Doc No. 6).

6. On January 6, 2016, plaintiff forwarded, by way of email, a letter setting forth "terms of my settlement demand." Plaintiff did not attempt to contact Defendants' lead counsel, and, at no point, other than forwarding his unreasonable demands did he attempt to "exhaust all settlement possibilities." Plaintiff's letter is a list of dictates not a good faith settlement attempt within the spirit of this Court's Order. [Defendants have not attached the demand letter. However, they will produce it should Plaintiff not object and/or this Court require its production].

7. The very next day, on January 7, 2016, the plaintiff filed his motion to remand. (Doc. No. 7)

8. Plaintiff's motion, much like his attempt to engage in settlement discussions, is haphazard at best. Contrary to Plaintiff's untenable argument that only the Plaintiff's complaint and its allegations as to citizenship can be considered (an argument that would essentially leave a party's constitutional right to exercise diversity jurisdiction at the whims of the plaintiff's pleading), such is not the case. Rather, it is the party seeking removal that may identify the citizenship of the parties, if such is not apparent on the face of the complaint. *McMULLEN v. AMERICAN AIRLINES, INC.*, 1981 U.S. Dist. LEXIS 14201, *6 (N.D. Ill. Aug. 5, 1981) ("With regard to the propriety of removal, this court will review the defendant's petition for removal because the alleged nature of the court's jurisdiction is diversity of citizenship and because the citizenship of the parties is not clear from a review of the plaintiff's complaint."); See, *Rooflifters, LLC v. Nautilus Ins. Co.*, 2013 U.S. Dist. LEXIS 107936, *10, 2013 WL 3975382 (N.D. Ill. Aug. 1, 2013) (indicating that removal allowed even when face of the complaint does not identify citizenship); See also, *Wolfe v. United States*, 2010 U.S. Dist. LEXIS 71828, *7, 105 A.F.T.R.2d (RIA) 2921 (N.D. Ill. 2010) (notice of removal only requires signature pursuant to Rule 11 of the Federal Rules of Civil Procedure and a short and plain statement of the grounds for removal).

9. The Defendants' Notice of Removal is appropriate and clearly sets forth, in a short and plain statement, the elements required to establish diversity jurisdiction. Both Defendants Greer and NILRR are citizens of Virginia, and plaintiff has not, nor can he, show otherwise.

10. It would be one thing if Plaintiff's motion to remand contested, in good faith, the citizenship of Greer and NILRR by providing some evidence showing that they, indeed, were Illinois citizens. However, at no point does he allege a fact or show some support that either of

these Defendants is an Illinois citizen. His arguments, and this motion, are simply not appropriate and, even a brief review of the allegations in his complaint, the summonses (inappropriately issued by his office) and Defendants' Notice of Removal – all of which this Court is free to consider - demonstrate this.

WHEREFORE, Defendants NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH and STAN GREER request that this Honorable Court deny Plaintiff's motion to remand, and for any appropriate relief, including sanctions, that this Court deems just.

Respectfully Submitted

By: /s/*John J. Murphy*

Paul Bozych
Paul.Bozych@wilsonelser.com
John J. Murphy
Jack.Murphy@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street
Suite 3800
Chicago, IL 60603
Ph: 312-704-0550
Fax: 312-704-1522
***Attorneys for Defendants*** NATIONAL INSTITUTE FOR LABOR RELATIONS RESEARCH and STAN GREER

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing Response to Plaintiff's Motion to Remand has been electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system which will send notification of such filing via electronic delivery to attorneys of record on January 8, 2016.

                   */s/ John J. Murphy*
                   John J. Murphy
                   WILSON ELSER MOSKOWITZ
                   EDELMAN & DICKER
                   55 West Monroe – Suite 3800
                   Chicago, Illinois 60603
                   312.821.6146 (direct)
                   312.704.1522 (fax)
                   Jack.murphy@wilsonelser.com